[No. 4729-1. Division One. June 20, 1977.]

KEITH GUNNAR, ET AL, *Appellants,* v. RALPH E. BRICE, JR., ET AL, *Respondents.*

*Thomas & Whittington* and *Patrick B. Anderson*, for appellants.

*Boyd, Decker, Hanson & Zwink, P.S., Inc., John M. Baker II, Lenihan, Ivers & McAteer, P.S.,* and *James F. McAteer*, for respondents.

ANDERSEN, J.—

## FACTS OF CASE

The purchasers of a house appeal from a summary judgment dismissing their suit to rescind the transaction by which they purchased the house.

Mr. and Mrs. Gunnar (purchasers) brought this action against Mr. and Mrs. Brice (sellers), who had sold them the

house, and against Mr. and Mrs. Quandt (builders), who had helped build it and who had initially owned it.

The builders had themselves lived in the home for some 12 years before the sellers bought it for $41,900. The sellers then resided in it for approximately 1 year before they in turn sold it to the purchasers for $47,500. The property in question is a single family residence in Issaquah, Washington.

Prior to the purchasers contracting to purchase the home, they spent from 1 to 3 hours viewing the premises and during that time they went into every room of the house. The house had an exposed beamed ceiling with the beams and supporting members open to view. It was following their tour of the premises that the purchasers signed an earnest money receipt and agreement wherein they offered to purchase the property from the sellers "in its present condition . . ."

Some months after the purchasers moved into the house, they brought this rescission action against the sellers, and later sued the builders as well. As grounds for rescission, the purchasers allege that after they had moved into the house they discovered construction defects in it.

The sellers and builders filed motions for summary judgment. Their supporting affidavits alleged facts to the effect that they knew of no defects in the premises and that the conditions claimed by the purchasers, even if somehow considered to be defects, were not hidden or disguised but were fully open to the purchasers' view and discernible by the purchasers upon any reasonable examination of the premises.

The purchasers' opposing affidavits claimed that there were defects in some of the wiring and in the structural beams and siding. They also claimed that there was a septic tank and drainage problem and that the furnace was located in too enclosed an area.

One ultimate issue is determinative.

## ISSUE

Did the trial court err in granting a summary judgment dismissing the purchasers' rescission action?

## DECISION

CONCLUSION. A rescission action brought by purchasers of a house does not state a cause of action for constructive fraud by nondisclosure of defects in the house on the part of the sellers, where there is no showing that the value of the property was materially affected by the existence of the claimed defects. The trial court did not err in dismissing the purchasers' action in a summary judgment proceeding.

■ One of the two legal theories principally relied on by the purchasers in the trial court was breach of implied warranty of habitability. *House v. Thornton,* 76 Wn.2d 428, 457 P.2d 199 (1969). Subsequently, that warranty was held to apply only to sales of new homes by commercial builders, *Klos v. Gockel,* 87 Wn.2d 567, 554 P.2d 1349 (1976), and that theory has not been pressed on appeal. We therefore consider that theory, as well as the purchasers' theories of failure of consideration and breach of express warranty, which have not been argued on this appeal, as abandoned. *Winslow v. Mell,* 48 Wn.2d 581, 583, 295 P.2d 319 (1956).

The other theory of recovery principally relied on by the purchasers in the trial court, and vigorously pursued here,[1] is the right of a vendee to obtain rescission where the vendor is shown to have committed constructive fraud by nondisclosure of the existence of defects in the property sold.

■ In *Sorrell v. Young,* 6 Wn. App. 220, 491 P.2d 1312 (1971), the seller of a lot knew that the lot had been filled because he had helped fill it. The existence of the fill was not apparent and the lot was sold to a purchaser who made no inquiry and was unaware of the existence of the fill. In that case we held that the purchaser had made a case for rescission and, in so holding, explained the elements of that cause of action:

---

[1] Counsel representing the purchasers in the Court of Appeals did not enter this case until after the trial court had decided to grant the summary judgment.

We conceive the essential "elements" in proof of constructive fraud by nondisclosure of the existence of a land fill to be: (1) a vendor, knowing that the land has been filled, fails to disclose that fact to a purchaser of the property, and (2) the purchaser is unaware of the existence of the fill because either he has had no opportunity to inspect the property, or the existence of the fill was not apparent or readily ascertainable, and (3) the value of the property is materially affected by the existence of the fill. When these three elements have been proved, a vendor's duty imposed by *Obde*'s [*Obde v. Schlemeyer*, 56 Wn.2d 449, 353 P.2d 672 (1960)] general standard of justice, equity, and fair dealing has been violated, and a purchaser of land is entitled to rescind.

*Sorrell v. Young, supra* at 225–26. *Accord, Goldfarb v. Dietz*, 8 Wn. App. 464, 470, 506 P.2d 1322 (1973); *Kaas v. Privette*, 12 Wn. App. 142, 149, 529 P.2d 23 (1974). *See also Obde v. Schlemeyer*, 56 Wn.2d 449, 353 P.2d 672 (1960); *Ikeda v. Curtis*, 43 Wn.2d 449, 261 P.2d 684 (1953); *Perkins v. Marsh*, 179 Wash. 362, 37 P.2d 689 (1934).

■ Much of the content of the purchasers' affidavits opposing the motions for summary judgment are devoted to hearsay and conclusionary statements of fact which neither the trial court nor this court is at liberty to consider in passing upon motions for summary judgment. CR 56(e); *American Linen Supply Co. v. Nursing Home Bldg. Corp.*, 15 Wn. App. 757, 551 P.2d 1038 (1976). When such chaff has been winnowed out of the purchasers' affidavits, it is questionable whether they or reasonable inferences therefrom establish the sellers' knowledge of the claimed defects or that the conditions claimed as defects were not apparent or readily ascertainable by the purchasers, as required by the first and second elements delineated by *Sorrell*.

There is nothing in the record to establish the third element of *Sorrell*, that the value of the property be materially affected by the existence of the defects. When any house has been lived in for years, as had this one, it is likely that a close inspection would reveal a number of conditions which could be termed "defects" by some, but that is not

sufficient by itself to establish that the value of the property has been materially affected and to justify rescission. In the analogous contract situation, a breach of contract must be material in order to warrant rescission. *Barber v. Rochester,* 52 Wn.2d 691, 694, 328 P.2d 711 (1958); 17 Am. Jur. 2d *Contracts* § 504 (1964). So it is in this tort action also, that for vendees to make out a case of constructive fraud by nondisclosure of defects in the property sold, the vendees must establish that the defects are material. *See Klos v. Gockel, supra; Goldfarb v. Dietz, supra.*

Since no genuine issue exists as to the third element of *Sorrell,* the trial court properly granted the sellers' motion for summary judgment. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963); *Hodgins v. State,* 9 Wn. App. 486, 489, 513 P.2d 304 (1973).

Nothing in the record establishes that the purchasers had ever talked to or had any dealings whatsoever with the builders or that the builders had breached any duty to the purchasers. Accordingly, the summary judgment dismissing the builders was also proper.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied October 31, 1977.