[No. 54570-7. En Banc. July 7, 1988.]

JOANNE MARIE HASH, *Respondent*, v. CHILDREN'S ORTHOPEDIC HOSPITAL AND MEDICAL CENTER, *Petitioner*.

*Reed, McClure, Moceri, Thonn & Moriarty*, by *William R. Hickman* and *Heather Houston Reeve*, for petitioner.

*Howard P. Pruzan* (of *Miracle, Pruzan & Morrow*), for respondent.

*Philip J. VanDerhoef* and *John W. Schedler* on behalf of Washington Defense Trial Lawyers Association, amici curiae for petitioner.

GOODLOE, J.—This is an action to determine the propriety of a summary judgment in favor of respondent Children's Orthopedic Hospital (COH) finding no liability for the fracture of the respondent Joanne Marie Hash's left femur during a physical therapy session. We affirm the Court of Appeals holding that the summary judgment was improper.

Joanne Marie Hash was a 6–year–old patient undergoing physical therapy for rheumatoid arthritis at COH when she suffered "a proximal shaft fracture with displacement of the left femur." Clerk's Papers, at 2. In her complaint Hash alleged that the fracture was caused by the negligence of the hospital through its physicians and physical therapists.

COH answered the complaint setting out several affirmative defenses, including the allegation that the fracture did not result from any negligence or wrongful conduct on the part of the COH.

On April 19, 1985, COH moved for summary judgment. The motion was supported by two affidavits of Dr. Carol A. Wallace, a pediatric rheumatologist licensed to practice in the state of Washington. In her March 20, 1985 affidavit Dr. Wallace stated that Hash had suffered from polyarticular juvenile rheumatoid arthritis since she was 2½ years of age and had been referred to COH for "intensive physical therapy and surgical release of flexion contractures of the hip and knees"; that according to her medical history, Hash had progressed well at COH until her femur was fractured during a physical therapy session; that "[v]igorous and intensive physical therapy is a treatment of choice for patients with contractures due to muscle spasms"; that

patients such as Hash have weaker bones than normal due to demineralization and that without vigorous physical therapy the patient's bones and range of motion can further deteriorate; and that "[a] vigorous physical therapy program for a patient such as [Hash] conforms to sound medical practice and to the standard of care of a reasonably prudent rheumatologist." Clerk's Papers, at 10–11. The affidavit concludes that "[t]he physical therapy program prescribed and administered to Joanne Hash at COH met the standard of reasonably prudent care in Washington in 1982." Clerk's Papers, at 11.

In her May 20, 1985 affidavit, Dr. Wallace added that "[i]t is possible for a child to suffer a fractured bone during physical therapy when the therapist is *not* negligent. In other words, a physical therapist can be providing therapy in accordance with the appropriate standard of care and still have a fracture result." Clerk's Papers, at 21–22.

COH did not submit an affidavit from the physical therapist treating Hash at the time of the injury, nor did it submit any other evidence setting forth its version of the facts surrounding the injury.

Hash did not submit affidavits or other evidence in opposition to the motion for summary judgment. Instead, she relied on the argument that the affidavits submitted by COH were insufficient to establish that there were no genuine issues of material fact. In addition, respondent argued that the doctrine of res ipsa loquitur was sufficient in this case to raise a genuine issue of fact.

The trial court granted summary judgment in favor of COH and dismissed Hash's claim, stating that in reaching its decision the court had considered only COH's motion for summary judgment and brief in support thereof, and Dr. Wallace' affidavits. Hash appealed, and the Court of Appeals reversed holding that the affidavits upon which the trial court relied were insufficient to establish the absence of material fact because they did not provide specific facts showing how the fracture occurred. *Hash v. Children's*

*Orthopedic Hosp.,* 49 Wn. App. 130, 135, 741 P.2d 584 (1987). COH seeks review of that decision. We accepted discretionary review.

This case presents the issue of whether a summary judgment may be properly granted to a defendant in a personal injury action based solely upon the allegation that it was not negligent, absent any statement of that party's version of the facts surrounding the injury. A motion for summary judgment shall be granted

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

CR 56(c). "A material fact is one upon which the outcome of the litigation depends, in whole or in part." *Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 642, 618 P.2d 96 (1980). The burden of showing that there is no issue of material fact falls upon the party moving for summary judgment; all reasonable inferences must be resolved against the moving party, and the motion should be granted only if reasonable people could reach but one conclusion. *Detweiler v. J.C. Penney Cas. Ins. Co.,* 110 Wn.2d 99, 108, 751 P.2d 282 (1988).

If the moving party does not sustain its burden, summary judgment should not be granted, regardless of whether the nonmoving party has submitted affidavits or other evidence in opposition to the motion. *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 302, 616 P.2d 1223 (1980). Only after the moving party has met its burden of producing factual evidence showing that it is entitled to judgment as a matter of law does the burden shift to the nonmoving party to set forth facts showing that there is a genuine issue of material fact. *Graves,* at 302.

In reviewing a summary judgment, an appellate court must review material submitted for and against a motion for summary judgment in the light most favorable

to the nonmoving party. *Reese v. Sears, Roebuck & Co.,* 107 Wn.2d 563, 567, 731 P.2d 497 (1987). Therefore, this court must review the record as it existed before the trial court in the light most favorable to Hash. The record before the trial court showed only that Hash, a 6–year–old girl, suffered a fracture of the left femur during physical therapy. The court had no evidence from which to determine how the fracture occurred. At the very least, to support a motion for summary judgment the moving party is required to set out its version of the facts and allege that there is no genuine issue as to the facts as set out. In this case, those facts should have included an account of the circumstances surrounding Hash's injury from the only adult witness to the injury, the physical therapist who had been treating her at the time. We find it impossible to uphold a ruling that there is no genuine issue as to any material fact when the record contains all questions and no facts.

In addition, reasonable inferences could be drawn from the affidavits of Dr. Wallace submitted by COH which, if resolved in favor of Hash, would raise an issue of fact. For example, one of Dr. Wallace' affidavits states that "[i]t is possible for a child to suffer a fractured bone during physical therapy when the therapist is *not* negligent." Clerk's Papers, at 21. It could be reasonably inferred from this statement that even if an appropriate program of physical therapy is prescribed and administered, and the injury could have occurred without negligence, the injury nonetheless could have been caused by negligence. Since it is this court's duty to draw all reasonable inferences in favor of the nonmoving party, we must conclude that the injury may have been caused by the negligence of COH through its physicians and physical therapists, and that therefore summary judgment was inappropriate.

Because we find that COH failed to meet its burden of showing that no genuine issue as to material facts existed, we need not address the arguments surrounding the doctrine of res ipsa loquitur.

We affirm the Court of Appeals decision and remand for further proceedings.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

After modification, further reconsideration denied October 4, 1988.