[No. 20834-9-I. Division One. March 20, 1989.]

HELEN G. PARKIN, *Appellant,* v. JOHN COLOCOUSIS, ET AL, *Respondents.*

*Jack J. Ackerman* and *Francis & Ackerman,* for appellant.

*John P. Evans, Margaret A. Sundberg, Cynthia S.C. Gannett,* and *Williams, Kastner & Gibbs,* for respondents.

GROSSE, J.—Helen Parkin appeals from a summary judgment entered against her on her complaint for medical malpractice.

On May 6, 1985, Dr. Colocousis operated on Parkin for a right femoral hernia. During the operation he found and repaired a direct inguinal hernia. He also left two surgical clips in place. Parkin continued to have pain after the surgery. On July 30, 1986, she filed a complaint for medical malpractice against Colocousis alleging failure to diagnose, failure to properly treat, and failure to advise her of the procedures to be followed. Colocousis moved for summary judgment. His supporting affidavit read as follows:

> On May 6, 1985 I operated upon plaintiff to explore the possibility that she suffered from a right femoral hernia. During the operation I found a direct iguinal [*sic*] hernia with probable incarceration of preperitoneal [*sic*] fat. This was reduced and a repair of the direct iguinal [*sic*] hernia carried out. In doing the operation I intended to leave two surgical clips in the plaintiff on a permanent basis. In so doing I possessed and exercised that degree of skill, care and learning expected of a reasonably prudent physician and surgeon in the State of Washington acting in the same or similar circumstances.

Parkin's responsive affidavit indicated that Colocousis never mentioned or discussed leaving surgical clips in her.

The trial court determined that no genuine issue of material fact existed relative to Colocousis's alleged breach of the standard of care or to the existence of any proximate cause between the alleged breach and Parkin's claimed injuries, and that no genuine issue of material fact existed on Parkin's claim of lack of informed consent.

This appeal raises two issues. The first is whether Dr. Colocousis's affidavit is sufficient to support a summary judgment on the issues of breach of duty and informed consent. The second issue, raised by the respondents, is whether Parkin waived any error as to Colocousis's affidavit because she did not specifically argue the sufficiency of the affidavit to the trial court.

The first issue regarding the sufficiency of Dr. Colocousis's affidavit is resolved by *Hash v. Children's Orthopedic Hosp. & Med. Ctr.*, 110 Wn.2d 912, 757 P.2d 507 (1988). In that case the Supreme Court affirmed a Court of Appeals decision that reversed a summary judgment in favor of the hospital. The court held that the affidavit of the hospital's medical expert was insufficient to support a summary judgment in favor of the moving party. The expert had opined that prescribing vigorous physical therapy conformed to the applicable standard of care and concluded that the physical therapy program administered to the plaintiff met that standard of care. The court held that the affidavit was conclusory and did not present "specific facts" surrounding the critical issues. In dicta, the Supreme Court suggested that "[a]t the very least, to support a motion for summary judgment the moving party is required to set out its version of the facts and allege that there is no genuine issue as to the facts as set out." *Hash*, at 916.

■ Dr. Colocousis's affidavit is conclusory and insufficient in the same manner that the affidavit in *Hash* was insufficient. It sets forth no specific facts that support the opinion that Colocousis performed his duty toward Parkin. It does little more than state the legal conclusion that Colocousis was not negligent. In fact, the affidavit does not

describe the standard of care with which the doctor allegedly complied. As to the issue of informed consent, the affidavit is particularly insufficient. It lacks both "specific facts" and legal conclusions pertaining to informed consent. It does not address Parkin's allegations regarding Colocousis's failure to advise of the possibility and risk of the surgical clips, nor does it negate any of the required elements of a cause of action for failure to secure informed consent. *Nicholson v. Deal,* 52 Wn. App. 814, 764 P.2d 1007 (1988); *see* RCW 7.70.050(1).

Respondent contends that Parkin waived error with regard to the sufficiency of the Colocousis affidavit by not arguing her position to the trial court. The trial court was fully apprised of the alleged deficiencies as they related to issues of informed consent and res ipsa loquitur. However, it appears that Parkin did not argue to the trial court that Colocousis's affidavit was conclusory and insufficient to support a summary judgment on medical malpractice theories.

Generally, in order to preserve for review a claim that an affidavit is defective, a party must register an objection which specifies the deficiency or must move to strike the affidavit before the trial court's entry of summary judgment. *Smith v. Showalter,* 47 Wn. App. 245, 248, 734 P.2d 928 (1987). This rule clearly applies to objections that the affidavits are not made on personal knowledge, do not set forth facts that would be admissible in evidence, or do not show affirmatively that the affiant is competent to testify to the matters stated therein. CR 56(e); *Smith v. Showalter, supra; Lamon v. McDonnell Douglas Corp.,* 91 Wn.2d 345, 352, 588 P.2d 1346 (1979).

■ However, the rule requiring objection to the affidavit should not apply in cases where the deficiency in the moving party's affidavit pertains to a lack of proof rather than evidentiary problems. Although there is no case law directly on point, the rules on appellate review form the logical basis for this proposition. When an appellate court reviews a summary judgment, the appellate court engages in the

same inquiry as the trial court. *Hostetler v. Ward,* 41 Wn. App. 343, 346, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986). Neither the trial court nor an appellate court can consider conclusions of law such as were contained in Dr. Colocousis's affidavit. *See Sea Farms, Inc. v. Foster & Marshall Realty, Inc.,* 42 Wn. App. 308, 311, 711 P.2d 1049 (1985), *review denied,* 105 Wn.2d 1010 (1986); *Orion Corp. v. State,* 103 Wn.2d 441, 462, 693 P.2d 1369 (1985); *American Linen Supply Co. v. Nursing Home Bldg. Corp.,* 15 Wn. App. 757, 763, 551 P.2d 1038 (1976); *Gunnar v. Brice,* 17 Wn. App. 819, 565 P.2d 1212 (1977). An appellate court's task is the same as the trial court's: to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Because we perform the same function as the trial court and cannot consider conclusions of law contained in affidavits, the fact that Parkin did not argue her objections to the sufficiency of the affidavit at the trial court level makes no difference to her appeal. This conclusion is illustrated by the Washington Supreme Court's decision in *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 616 P.2d 1223 (1980). In *Graves,* the defendant rested on its pleadings and did not set forth any material facts or dispute the facts presented by the plaintiff. Defendant's attorney did not even appear for argument. However, the facts presented by the plaintiff were susceptible to several interpretations. Thus, in spite of the lack of opposition by the defendant, the Supreme Court reversed the summary judgment because the moving party did not meet his initial burden of proof.[1]

---

[1] In *Hash v. Children's Orthopedic Hosp. & Med. Ctr.,* 49 Wn. App. 130, 741 P.2d 584 (1987), *aff'd,* 110 Wn.2d 912, 757 P.2d 507 (1988), the Court of Appeals seemed to apply the waiver rule but found no waiver where Hash fully argued the insufficiencies of the affidavit in her memorandum in opposition to the summary

654

[O]nce the moving party has met its burden of offering factual evidence showing that it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." But "[i]f the moving party does not sustain that burden, summary judgment should not be entered, irrespective of whether the nonmoving party has submitted affidavits or other materials."

(Citations omitted.) *Graves*, at 302. *See* Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington*, 45 Wash. L. Rev. 1, 15 (1970).

The summary judgment is reversed.

SWANSON, J., and COLE, J. Pro Tem., concur.

judgment motion. Because of Hash's argument in the trial court the issue of waiver was not squarely presented to and decided by the Court of Appeals.