[No. 26742-6-I.   Division One.   February 3, 1992.]

WANDA WEATHERBEE, *Appellant,* v. LENNART K. GUSTAFSON, ET AL, *Respondents.*

*Kirk R. Wines,* for appellant.

*Lish Whitson* and *Helsell, Fetterman, Martin, Todd & Hokanson; Thomas V. Harris* and *Merrick, Hofstedt & Lindsey,* for respondents.

KENNEDY, J. — Appellant Wanda Weatherbee appeals the trial court's grant of summary judgment to the manufacturer and installer of a smoke alarm which she claims was defective and that the defect was a proximate cause of injuries she received during a fire in her home. We reverse.

I

On the night of December 25, 1984, appellant was at her home with a companion, Mr. Chase. Sometime that night the appellant lit a votive candle and placed it in the head-

board of her waterbed. The appellant's pillow apparently came into contact with the candle and began to burn. Appellant testified that she believed that this occurred when she shifted her position and the pillow was moved. Appellant testified that she was awake at this time, and that her companion was also awake. However, Mr. Chase stated in deposition that he had been asleep and that he was awakened by the presence of smoke.

Upon noticing appellant's pillow in flames, Mr. Chase testified that he attempted to move the pillow, and it exploded. Molten fragments landed on the appellant, and as a result she was burned. Although she was awake before the pillow exploded, appellant testified at deposition that she did not feel any heat or smell or see any smoke until after the pillow exploded. Appellant testified that she did smell smoke when she stood up and after she had been burned, but that generally, her sense of smell was not very good.

Prior to this incident, appellant had contracted with respondent Gustafson Builders Corp., owned by respondents Lennart and Judi Gustafson, to perform substantial remodeling of her house. The remodeling occurred in September and October of 1984. A new smoke detector, a "First Alert" model manufactured by respondent Pittway Corp., was installed at this time.

Appellant filed the instant suit on August 14, 1987, alleging negligence on the part of the manufacturer and the installer of her smoke detector. Appellant claims that the smoke detector was not installed or tested properly and was nonfunctioning at the time of the fire. The smoke detector was located in the hallway across from the appellant's bedroom door, and the bedroom door was open at the time of the fire.

On June 11, 1990, respondent Gustafson filed a motion for summary judgment claiming that the allegedly defective installation of the smoke alarm could not be considered the proximate cause of the appellant's injuries. On June 12, 1990, respondent Pittway filed a similar motion, also claim-

ing that the allegedly defective smoke alarm could not be considered the proximate cause of the appellant's injuries. Summary judgment was granted to Gustafson on July 2, 1990, and to Pittway on July 3, 1990. Appellant filed a motion for reconsideration and filed with it a personal declaration regarding several of the facts pertinent to the incident. The motion for reconsideration was denied on July 27, 1990. This appeal followed.

## II

██ In determining whether an order of summary judgment is correct, this court is to engage in the same inquiry as the trial court. *Rhea v. Grandview Sch. Dist. JT 116-200*, 39 Wn. App. 557, 559, 694 P.2d 666 (1985). A motion for summary judgment should be granted if there is no genuine issue of material fact or if reasonable minds could reach only one conclusion on that issue based upon the evidence construed in the light most favorable to the nonmoving party. *Sea-Pac Co. v. United Food & Comm'l Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985). The granting of summary judgment is proper if the nonmoving party, after the motion is made, fails to establish any facts which would support an essential element of its claim. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)). The burden is on the nonmoving party to make out a prima facie case concerning an essential element of the claim if the moving party first shows that there is an absence of evidence to support the nonmoving party's case. *Young*; *see also Hash v. Children's Orthopedic Hosp.*, 110 Wn.2d 912, 915, 757 P.2d 507 (1988).

Respondent claims that appellant failed to establish any facts which would support a finding that the allegedly defective smoke alarm was the proximate cause of her injuries, and thus under *Young* the burden shifted to her and summary judgment was properly entered. In *Young* this state's Supreme Court adopted the reasoning in *Celotex Corp.*, 477 U.S. at 325, by explicitly stating that if the

moving party in a summary judgment action shows the absence of an issue of material fact on an essential element of a claim, the burden shifts to the nonmoving party to demonstrate the existence of an issue of material fact in order to avoid summary judgment. *Young*, 112 Wn.2d at 225.

Finding that a pharmacist's testimony can never be competent evidence as to the proper standard of care of a physician practicing a medical specialty, and that the only evidence as to the proper standard of care which plaintiff had presented was in the form of an affidavit from a pharmacist, the *Young* court ruled that the plaintiff had failed to establish a material fact as to breach of duty and affirmed the summary judgment. *Young*, 112 Wn.2d at 227-28.

Although the test of summary judgment was approached somewhat differently, neither the *Celotex* Court nor the *Young* court altered the historic rules regarding summary judgment. As reasoned by the court in *Young*, where a party fails to demonstrate an issue of material fact, " '. . . there can be "no genuine issue as to any material fact," [under CR 56] since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.' " *Young*, 112 Wn.2d at 225 (quoting *Celotex Corp.*, 477 U.S. at 322-23).

■ The *Young* court simply clarified that to successfully move for summary judgment a party must demonstrate a lack of evidence or a material fact which cannot be rebutted. *Young*, 112 Wn.2d at 225. The evidence and all reasonable inferences therefrom must still be examined in the light most favorable to the nonmoving party to determine if there are genuine issues of material fact for trial. *Young*, 112 Wn.2d at 226. In the present case, unlike *Young*, the claims of the moving parties did not eliminate competent evidence in the record from which a finder of fact could draw reasonable inferences in support of the essential elements of appellant's claim. Therefore, the burden of proof in the present case did not shift to the appellant, and summary judgment in favor of respondent was incorrect.

██ Respondents Gustafson and Pittway contend that the appellant failed to provide any competent evidence that even if the smoke alarm were not properly working, this was a proximate cause of her injury and that this lack of evidence on a prima facie portion of her claim defeated her claim under *Young*. Respondents make a sweeping conclusion that there was a lack of evidence showing prima facie proximate cause, by merely claiming that there was no evidence establishing that the smoke alarm would have gone off had it been working or that Mr. Chase would have acted any differently in throwing the pillow had the alarm gone off.[1] We disagree.

The respondents claim that the smoke alarm would not have gone off before the pillow exploded because Ms. Weatherbee testified that she noticed no smoke and felt no heat until after the explosion, and therefore there would have been no smoke to set off a functioning alarm. However, such conjecture does not eliminate the reasonable inference that a working smoke alarm would have gone off. The respondents introduced no evidence that smoke alarms are ever less sensitive to smoke than human beings or that this alarm would have been in the present case. Furthermore, respondents ignore the fact that appellant's companion Mr. Chase testified that he was asleep, and that smoke actually awakened him and alerted him to the fire danger.

It certainly is a reasonable inference that if there was sufficient smoke to wake Mr. Chase there would have been sufficient smoke, particularly in the upper part of the house where smoke travels, to activate the alarm, even if Ms. Weatherbee did not see or smell the smoke. Although Mr. Chase did not claim that he would have responded differently had the alarm gone off, it is also a reasonable infer-

---

[1] There is some dispute as to whether this court should consider the declaration of the appellant filed with her motion for reconsideration to be part of the factual record, since this affidavit was not presented at the time the court considered the original motion. According to the trial court's order dismissing the motion for reconsideration, it was considered by the trial court, and this court considers all of the evidence before the trial court. *See Rhea.* However, the declaration of the appellant in no way changed the evidence below.

ence that had the alarm alerted Ms. Weatherbee, she could have moved before Mr. Chase grabbed her pillow which then exploded.

Thus, contrary to respondents' contention, there is evidence of material facts which support proximate causation in the present case. *Young* does not stand for the proposition that the respondents can make a bald assertion unsupported by factual evidence and thereby shift the burden of proof to appellant, when there is evidence giving rise to questions of material fact in all parts of her claim. As noted above such evidence is present in this case. Therefore, we reverse the judgment of the trial court and remand for trial.

WEBSTER, A.C.J., and PEKELIS, J., concur.