# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

COAST REAL ESTATE SERVICES )     NO. 72397-9-I
FOR GREENTREE APARTMENTS IN )
KING COUNTY, JEANETTA WALSTON )
(manager), )
              Respondent, )
               )     DIVISION ONE
         v. )
               )
WAYNE R. RICHARDSON, )     UNPUBLISHED OPINION
               )
           Appellant. )     FILED: August 3, 2015
_____ )

LAU, J. — Wayne Richardson appeals an order denying his CR 60 motion to vacate following the trial court's order granting summary judgment of dismissal to Coast Real Estate Services. He argues the trial court erred in denying the motion and that it erred by treating the motion as a motion to reconsider rather than a motion to vacate. Because the trial court properly granted summary judgment to Coast Real Estate Services and properly denied the motion to reconsider/vacate, we affirm.

FACTS

Between February 2007 and early 2014, Wayne Richardson was a tenant in the Greentree Apartments, an apartment complex managed by Coast Real Estate Services.

On November 25, 2013, Richardson, representing himself, sued Coast Real Estate Services and Greentree Apartments Community Manager Jeanetta Walston (collectively, "Defendants") under RCW 59.18, alleging various defects with his apartment.[1] Clerk's Papers (CP) at 1-17. Richardson failed to serve Coast with original process. On December 19, Richardson filed a motion for default and a motion for a temporary injunction against Defendants. Richardson's injunction motion sought to prevent Defendants from renting his unit or any other unit in his building until certain defects were fixed. Defendants objected, arguing lack of jurisdiction, improper service, and that the pleadings failed to comply with King County Local Civil Rule 7 (KCLCR) governing motions practice. On December 27, the trial court struck Richardson's motion for default for failing to comply with KCLCR 7. The court also denied Richardson's motion for a temporary injunction without prejudice.

On January 17, 2014, Richardson re-noted his motion for a temporary injunction. Defendants again objected on the basis of lack of service but also argued Richardson failed to show the elements necessary for a temporary injunction. On March 7, the trial court again denied Richardson's motion following a hearing.

On March 21, Richardson filed a motion for discovery and provided two new addresses for service of future pleadings—a post office box in Seattle and a

---

[1] Richardson never notified the Defendants about the alleged defects as required by the lease before he filed his lawsuit. He also stopped paying rent.

campground in Kent, Washington. On May 20, Defendants filed a motion for summary judgment arguing that Richardson's failure to pay rent under RCW 59.18.080 bars his lawsuit.[2] A hearing on the motion was noted for June 20. Defendants sent the motion to both addresses Richardson provided in his motion for discovery. Richardson never filed any response to Defendants' motion. Defendants filed a reply on June 16 confirming they had not received any response from Richardson. On June 27, the trial court granted defendant's motion for summary judgment, noting that Richardson failed to file a response and failed to appear at the summary judgment hearing.

On July 21, Richardson filed a motion to vacate order of defendant's summary judgment. The trial court treated Richardson's motion as a motion for reconsideration and denied the motion. Richardson appeals.

## ANALYSIS

### Standard of Review

We review an order granting summary judgment de novo, considering whether "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

A trial court's denial of a motion to reconsider or a motion to vacate is reviewed for an abuse of discretion. Singleton v. Naegeli Reporting Corp., 142 Wn. App. 598, 175 P.3d 594 (2008); State v. A.N.W. Seed Corp., 44 Wn. App. 604, 607, 722 P.2d 815

---

[2] The Residential Landlord-Tenant Act, ch. 59.18 RCW, provides that a tenant "shall be current" in rent and utility payments "before exercising any remedies" under the act. When the motion was filed, Richardson was in arrears on rent in the amount of $2,170 and had vacated the apartment following an unlawful detainer action.

(1986). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Summary Judgment

Richardson argues that the trial court erred when it denied his motion to vacate the order granting summary judgment to Defendants. Because Richardson was timely served with Defendants' summary judgment motion and failed to respond, summary judgment was proper.

The record shows that Richardson was timely served with Defendants' motion for summary judgment. CR 56(c) requires a party moving for summary judgment to serve the motion "not later than 28 calendar days before the hearing." CR 5(2)(A) states that when a party elects to serve by mail, such service is "complete upon the third day following the day upon which [relevant documents] are placed in the mail . . . . " CR 5(2)(A). Because Defendants mailed their motion for summary judgment and related materials on May 20, service was complete on May 23, 28 days before the scheduled hearing on June 20.

Further, the record shows that Defendants mailed their summary judgment motion to both addresses Richardson provided. On a motion submitted March 24, Richardson noted two addresses at which he could receive service. Richardson admitted that he mistyped one of these addresses. But Richardson never notified the trial court about this error, despite his duty to keep the court and counsel informed of his correct address. CR 13(e); see also Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010) (A trial court must hold pro se parties to the same standards to which

-4-

it holds attorneys). In any event, Defendants mailed the summary judgment pleadings to both addresses, and nothing in the record indicates the other address Richardson provided was invalid for purposes of mail service.

Because Richardson failed to respond after receiving sufficient service, summary judgment was proper. See Davies v. Holy Family Hosp., 144 Wn. App. 483, 499-500, 183 P.3d 283 (2008); see also Weatherbee v. Gustafson, 64 Wn. App. 128, 131, 822 P.2d 1257 (1992) ("The granting of summary judgment is proper if the nonmoving party, after the motion is made, fails to establish any facts which would support an essential element of its claim.").

### Motion to Vacate or Reconsider

Richardson contends that the trial court erred by denying his motion to vacate and that the trial court erred by treating his motion as a motion to reconsider. But whether Richardson's motion was properly considered as a motion to reconsider or a motion to vacate is irrelevant because we conclude he fails under either standard. First, for the reasons discussed above, the trial court properly granted Defendants' motion for summary judgment. Under the circumstances here, the trial court did not abuse its discretion when it treated Richardson's motion under the more generous reconsideration standard. See Wagner Dev. Inc,. v. Fidelity & Deposit Co. of Maryland, 95 Wn. App. 896, 906, 977 P.2d 639 (1999).

But even if we treat the motion as a motion to vacate, Richardson's failure to submit a supporting affidavit or declaration defeats the motion. CR 60(e) provides that a party seeking vacation of a final order must support his motion to vacate with an affidavit setting forth a set of facts upon which the motion is based. CR 60(e). Because

Richardson failed to provide a supporting affidavit or declaration, the trial court did not abuse its discretion when it denied Richardson's motion. See Gustafson v. Gustafson, 54 Wn. App. 66, 70, 772 P.2d 1031 (1989) (A trial court's decision on a motion to vacate "will not be reversed in the absence of a manifest abuse of that discretion."); see also Davidson Serles & Assocs. v. City of Kirkland, 159 Wn. App. 616, 624, 246 P.3d 822 (2011) ("On summary judgment review, we may affirm the trial court's decision on any basis within the record.").[3]

CONCLUSION

For the reasons discussed above, we affirm.

WE CONCUR:

---

[3] We note that Richardson, pro se appellant, includes many confusing and irrelevant arguments in his briefing. We find these arguments unpersuasive and do not consider them. See Orwick v. City of Seattle, 103 Wn.2d 249, 256, 692 P.2d 793 (1984) ("It is not the function of trial or appellate courts to do counsel's thinking and briefing.").