IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WALLACE E. BACON and ROSIE A. BACON, husband and wife, | ) ) ) | No. 34603-0-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| THOMAS MATULIS and ELLEN MATULIS, husband and wife, | ) ) ) | |
| Appellants, | ) ) | |
| INLAND POWER & LIGHT CO., a Washington Corporation; CENTURYLINK, INC., a California Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

FEARING, C.J. — Ellen and Thomas Matulis appeal from a summary judgment

entered against them in a trespass suit. Because the Matulises violate numerous rules on

appeal and because the record supports the grant of summary judgment in favor of

Wallace and Rosie Bacon, we affirm the judgment.

FACTS

Defendants Ellen and Thomas Matulises' property shares a boundary line with the

land of plaintiffs Wallace and Rosie Bacon. In April 2014, Thomas Matulis directed

Inland Power & Light and Centurylink to respectively install underground power and

communication lines to service the Matulises' property with utilities. The installation would run along the shared boundary line between the Matulises' parcel and the Bacons' land and would require crossing the Bacons' parcel with the lines. The provision of utilities also included the placement of a power junction and telephone line box on the Bacons' land.

Before the laying of the power and telephone lines, Thomas Matulis informed Wallace and Rosie Bacon that an easement lay along the parties' boundary line, where Inland Power & Light Company and Centurylink would lay their respective lines. After installation of the utilities, the Bacons learned that Thomas Matulis falsely represented the existence of the easement.

PROCEDURE

Wallace and Rosie Bacon filed suit against Ellen and Thomas Matulis. The Bacons alleged that the Matulises defrauded them. The complaint sought quiet title to that portion of the Bacons' land under which the Matulises' utilities lay, damages, and injunctive relief. The Bacons added Inland Power & Light Company and Centurylink as defendants to the suit.

Wallace and Rosie Bacon moved for summary judgment on their claims. Inland Power & Light Company and Centurylink agreed with the proposed relief sought by the Bacons and did not oppose the summary judgment motion. Pro se Ellen and Thomas

Matulis filed no response to the Bacons' summary judgment motion, but Thomas Matulis appeared at the summary judgment hearing.

At the summary judgment hearing, the trial court questioned Thomas Matulis if he had filed a response to the Bacons' motion for summary judgment. Matulis responded:

> I had a lawyer and he filed a paper for it, but I don't know what he—
> he had a letter saying all these claims and my lawyer said, no, they're not.
> But I ran out of money so I can't afford a lawyer.

Report of Proceedings at 4. After the Bacons' counsel orally presented his clients' summary judgment motion, Matulis verbalized his account of the events leading to the suit. Thomas Matulis assumed a trial would transpire at the summary judgment hearing.

The trial court granted Wallace and Rosie Bacon's summary judgment motion. In turn, the trial court entered a declaration that Ellen and Thomas Matulis, Inland Power & Light Company, and Centurylink held no easement across the Bacons' land. The court allowed the utility lines to remain in the ground, but ordered the cessation of services through the lines. The trial court entered an injunction preventing the Matulises from further trespass on the Bacons' land. Finally, the trial court awarded the Bacons judgment for damages against the Matulises in the sum of $22,182.30.

LAW AND ANALYSIS

Ellen and Thomas Matulis appeal. The couple's appeal brief, however, suffers from numerous defects. The brief includes a purported "Affidavit of Facts." Br. of Appellant at 7. Nevertheless, the Matulises never presented these facts to the trial court,

3

and the facts do not comprise the record on appeal. The Matulises cite no legal authority

or any portion of the trial record to support their appeal. The Matulises assign no error to

the trial court's ruling. The Matulises' brief contains a section entitled "Legal

Questions," which lays out nineteen separate ideas. *See* Br. of Appellant at 13-15.

RAP 10.3(a)(6) requires the appellants' brief to contain "[t]he argument in support

of the issues presented for review, together with citations to legal authority and references

to relevant parts of the record." Without a tenable argument or citation to authority, a

reviewing court will not review an assignment of error. RAP 10.3(g). RAP 10.7 governs

the submission of an improper brief. The rule reads in relevant part:

> [i]f a party submits a brief that fails to comply with the requirements
> of Title 10, the appellate court, on its own initiative or on the motion of a
> party, may (1) order the brief returned for correction or replacement within
> a specified time, (2) order the brief stricken from the files with leave to file
> a new brief within a specified time, or (3) accept the brief.

RAP 10.7.

Wallace and Rosie Bacon ask that this court accept the Matulises' brief in order to

facilitate prompt resolution of this appeal. We grant this request, accept the brief, and

affirm the trial court's order granting summary judgment.

We apply the same standard as the trial court to determine whether the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show a genuine issue as to any material fact and whether the moving

party is entitled to a judgment as a matter of law. *Parkin v. Colocousis*, 53 Wn. App.

649, 653, 769 P.2d 326 (1989).  We review an order for summary judgment de novo.

*Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

Wallace Bacon's declaration presented uncontroverted facts demonstrating that the Matulis couple lack an easement on, across, or under the Bacon property for the benefit of the Matulis property.  RCW 4.24.630(1) establishes that the Matulises trespassed.  The statute provides:

> Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury.  For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act.  Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration.  In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

RCW 4.24.630(1).

As part of their summary judgment motion, Wallace and Rosie Bacon presented facts supporting the money damages awarded by the trial court.  The Matulises filed no controverting affidavits.  Moreover, the Matulises do not forward a rational argument in their brief for us to reverse the summary judgment rulings.

Wallace and Rosie Bacon request an award of reasonable attorney fees and costs on appeal. RCW 4.24.630, the trespass statute quoted above, provides for an award of reasonable attorney fees and costs to a party injured by the trespass. Therefore, we award the Bacons reasonable attorney fees and costs on appeal.

## CONCLUSION

We affirm the summary judgment order and judgment entered by the trial court. We award Wallace and Rosie Bacon reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____    _____
Korsmo, J.                                  Pennell, J.