**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| JOEL ZELLMER, | ) | No. 80894-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KING COUNTY DEPARTMENT | ) | |
| OF ADULT AND JUVENILE | ) | |
| DETENTION, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Joel Zellmer appeals the trial court's grant of summary judgment

dismissal in his Public Records Act (PRA) proceeding. Zellmer argues that the King

County Department of Adult and Juvenile Detention (DAJD) acted in bad faith in

responding to his public records requests. We affirm.

I.

Zellmer has been incarcerated in Washington State since 2007, after being

convicted of murder in the second degree. In August 2010 Zellmer filed a federal civil

rights suit against various DAJD staff, alleging excessive use of force. Mills Meyers

Citations and pin cites are based on the Westlaw online version of the cited material.

Swartling, P.S. represented DAJD staff defendants. Gosselin Law Office, PLLC, represented DAJD Director William Hayes and King County.

In February 2017 Zellmer submitted a public records request to DAJD seeking e-mails between DAJD defendants and staff from Mills Meyers Swartling between April 30, 2014, and May 31, 2016. He also requested the e-mails between DAJD defendants and staff from Gosselin Law Office between April 29, 2015, and April 26, 2016.

On February 24, 2017, three days after receiving Zellmer's request, DAJD's records and information systems manager, Andrea Williams, acknowledged receipt of the request. She informed Zellmer that she anticipated a first installment would be available to him on March 24, 2017. On March 24, 2017, Williams informed Zellmer:

> I am continuing to review the email you have requested. Of the 228 email collected and reviewed to date, all are protected from disclosure under attorney-client privilege. Once I have completed reviewing all remaining email, I will contact you again with final results of my search and review. I anticipate this will be no later than April 18, 2017.

On April 18, 2017, Williams informed Zellmer that she identified 122 records responsive[1] to his request, all of which were withheld from disclosure as attorney-client communications.[2] Williams included an exemption log with the letter that provided: (1) the type of record, (2) date, (3) author, (4) subject matter, (5) page numbers, (6) recipients, both "to and CC's," (7) applicable exemptions; (8) action taken, and (9) a brief explanation of how the exemption applies.

---

[1] Searching for responsive records is done by using search terms. Search results often include records that contain the applicable search term but are not responsive to a particular records request. The 228 e-mails that were reviewed in Zellmer's case included 115 e-mails that were responsive and 113 e-mails that were nonresponsive.

[2] Williams cited to RCW 5.60.060(2); RCW 42.56.290; and Limstrom v. Ladenburg, 136 Wn.2d 595, 605, 963 P.2d 869 (1998) (attorney work product which is relevant to a controversy is exempted under the attorney work product exemption of the Public Records Act).

In April 2018, Zellmer filed a pro se public records complaint against DAJD. Zellmer alleged that the DAJD violated the PRA by providing an exemption log, instead of a physical copy of each e-mail with the body and communications redacted. Zellmer asked the court to require DAJD to provide him with copies of each e-mail with the relevant portions redacted, to impose statutory penalties, and to award his costs and attorney fees.

DAJD sought summary judgment dismissal, alleging that the Zellmer failed to state a claim against a proper party, that the evidence demonstrates that DAJD did not violate the PRA, and that alternatively, DAJD did not act in bad faith when responding to Zellmer's request. The court granted DAJD's motion and dismissed the complaint. After unsuccessfully seeking reconsideration, Zellmer appeals.

II.

Zellmer argues that the trial court erred in granting summary judgment because the PRA requires the agency to redact the exempt information and provide the remaining information to the requestor for inspection and copying. We disagree.

We review summary judgment decisions de novo. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 281, 313 P.3d 395 (2013). "Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Int'l Marine Underwriters, 179 Wn.2d at 281. On review, we consider the material in the light most favorable to the nonmoving party, and the motion may be granted only if reasonable people could reach but one conclusion. Hash by Hash v. Children's Ortho. Hosp. & Med. Ctr., 110 Wn.2d 912, 915-16, 757 P.2d 507 (1988).

Under the PRA, agencies "shall make available for public inspection and copying all public records, unless the record falls within a specific exemption." RCW 42.56.070. Attorney-client communications are privileged communications that are exempt from PRA disclosure. RCW 5.60.060(2)(a). The PRA's disclosure provisions are liberally construed and its exemptions are narrowly construed. Progressive Animal Welfare Soc. v. Univ. of Washington, 125 Wn.2d 243, 251, 884 P.2d 592 (1994).

Zellmer contends that because the DAJD provided him with an exemption log, rather than redacted versions of all the e-mails, he was denied his opportunity for inspection and copying under the PRA. He relies on a series of cases that state that the agencies must withhold only the exempted portions of certain documents and disclose the rest. See Animal Welfare Soc., 125 Wn.2d at 255; Seattle Firefighters Union Local No. 27 v. Hollister, 48 Wn. App. 129, 132, 737 P.2d 1302 (1987) (personal information may be deleted from records so that they can be released under the PRA); Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 433, 327 P.3d 600 (2013) ("an agency must produce otherwise exempt records insofar as redaction renders any and all exemptions inapplicable.").

While Zellmer is correct that the PRA has been interpreted to require that the portion of records not covered by an exemption must be disclosed to the requester, he ignores that the entirety of the e-mails identified by DAJD, absent the subject line, were covered by an exemption to the PRA here. There were no nonexempt portions of the e-mails that the DAJD withheld from disclosure.

In Block v. City of Gold Bar, 189 Wn. App. 262, 280, 355 P.3d 266 (2015), the City withheld 66 pages of documents and disclosed them in an exemption log. The log

specified the date, author, recipient, and subject matter of each document claimed to be exempt. The log also cites authority for its claimed exemptions—the attorney-client privilege and work product doctrines. Block, 189 Wn. App. at 280. This court held that the exemption log was sufficient and rejected the appellant's argument that the City was required to provide redacted copies of the withheld records in their entirety to satisfy the PRA. Block, 189 Wn. App. at 281.

Zellmer's argument that the DAJD was required to provide a redacted version of each e-mail is almost identical to the argument rejected in Block. The e-mails Zellmer requested are attorney-client communication and exempt from PRA disclosure. RCW 5.60.060(2)(a). DAJD's exemption log identified each e-mail, and included the date of the e-mail, the sender and recipient, the subject line of the e-mail, and the applicable attorney-client communication exemption. The information that was provided to Zellmer in the exemption log is the same information that would have been provided to Zellmer had DAJD individually redacted each of the responsive records. The only difference is the format in which it was provided.

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____          _____
                                          Andrus, A.C.J.

-5-