2010 OK CR 19

**Jimmy Lee BAKER, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2009–528.

Court of Criminal Appeals of Oklahoma.

June 23, 2010.

Don J. Gutteridge, Oklahoma City, OK, counsel for appellant at trial.

Matt Stubblefield, Assistant District Attorney, Durant, OK, counsel for the State on trial.

Cindy Brown Danner, Appellate Defense Counsel, Norman, OK, counsel for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Stephanie Jackson, Assistant Attorney General, counsel for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellant, Jimmy Lee Baker, was tried by jury and convicted of Assault And Battery With A Dangerous Weapon After Two Or More Felony Convictions (Count II) (21 O.S.Supp.2006, § 645) and Malicious Injury To Property (Count III) (21 O.S.2001, § 1760) in the District Court of Bryan County, Case Number CF–2008–399.[1] The jury recommended as punishment life imprisonment in Count II and "fine and punishment" in Count III. The trial court sentenced according to the jury's recommendation as to Count II and resolved the jury's failure to recommend a definite punishment in Count III by imposing only costs. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I. Mr. Baker Was Denied A Fair Trial And Due Process Of Law By The Failure Of The State To Disclose, And The Failure Of Defense Counsel To Utilize, Available Impeachment Evidence Of The State's Primary, Key Witness.

II. Trial Counsel's Abandonment Of Mr. Baker In The Sentencing Phase Of The Jury Trial Denied Mr. Baker The Effective Assistance Of Counsel And Resulted In An Excessive Sentence.

III. The Trial Court Committed Fundamental Error In Not Instructing On The Definition Of A "Dangerous Weapon" And By Not Instructing On The Lesser Included Offense Of Simple Assault And Battery: And Mr. Baker Received Ineffective Assistance of Counsel When His Trial Counsel Failed To Request These Instructions.

IV. The Trial Court Erred In Allowing Highly Prejudicial Testimony Regarding The Injuries Received By A Third Party, After The Charges Relating To That Party Had Been Dismissed, Violating Mr. Baker's Right To Be Tried And Convicted Upon Evidence Of The Crime Charged, Not Other Offenses.

¶ 3 After a thorough consideration of these propositions and the entire record before us on appeal including the original records, transcripts, and briefs of the parties, we have determined that Appellant is entitled to relief on Proposition I.

¶ 4 Simultaneous with the filing of his Brief–in–Chief, Appellant filed a Motion to Supplement the Record. We **GRANT** Appellant's request to supplement the record as his motion is timely and the matters are properly admitted with his Motion for New Trial. Rule 3.11(B)(3)(a), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009).

¶ 5 A review of the expanded record establishes that the State failed to disclose the victim's pending drug charges, plea agreement, and prior felony conviction contrary to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Reversal is required because there is a reasonable probability that, had that evidence been disclosed to the defense, the result of the trial would have been different. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3382, 87 L.Ed.2d 481 (1985). Evidence of a witness's bias, credibility and motivation for testifying is always relevant. *Warner v. State*, 2006 OK CR 40, ¶ 30, 144 P.3d 838,

1. The jury acquitted Appellant of Count I, Burglary in the First Degree (21 O.S.2001, § 1431).

862; *Beck v. State*, 1991 OK CR 126, ¶¶ 12–13, 824 P.2d 385, 388–89. Ramirez was the victim and primary witness against Appellant. The entire case turned upon his credibility. Appellant's defense at trial was to attack Ramirez's credibility. Prior to trial, Appellant filed a very specific Motion for Discovery aimed at these purposes. The State's response to Appellant's motion was not forthcoming. The State attempted to keep relevant information from Appellant through the use of semantics or a play on words. The evidence that the State failed to disclose went directly to Ramirez's bias, credibility and motivation for testifying. This Court has repeatedly held that a criminal trial is not a game of hide and seek. *Sadler v. State*, 1993 OK CR 2, ¶ 17, 846 P.2d 377, 383. Gamesmanship in discovery will not be condoned. *Id.* The responsibility of a prosecutor as an officer of the court is to treat matters of this type with the seriousness that they deserve. An attorney representing the State is expected to fully comply with requests for discovery. If there is a question as to whether particular information should be revealed in response to a discovery motion, the prosecutor should present the question to the trial judge for determination. Rule 3.8(d), *Oklahoma Rules of Professional Conduct*, Title 5, Ch. 1, App. 3–A (2008). As reversal is required on all counts, the remaining Propositions need not be addressed.

### DECISION

¶ 6 The judgment and sentences of the trial court (Counts II–III) are **REVERSED AND REMANDED FOR NEW TRIAL.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J. and LEWIS, J.: concur.