[No. 67440-4-I.   Division One.   November 13, 2012.]

AMERICAN EXPRESS CENTURION BANK, *Respondent*, v. ZAAKERA
R. STRATMAN, *Appellant*.

*Zaakera Stratman*, pro se.

*Malisa L. Gurule* and *Ashley A. Nagrodski* (of *Suttell & Hammer PS*), for respondent.

¶1 VERELLEN, J. — This is an appeal of a trial court order granting summary judgment for American Express Centurion Bank on its complaint to collect credit card debt from Zaakera Stratman. We conclude the trial court did not err and affirm summary judgment.

## FACTS

¶2 American Express filed a complaint against Stratman, seeking payment of past due credit card debt. Stratman

was served with the complaint on October 27, 2010. According to an affidavit of service filed by King County Deputy Sheriff Russell White, Stratman was not at her residence so a copy of the complaint was served on her adult daughter, described as "a person of suitable age and discretion, then resident therein, at the shared residence and usual abode of the named party, by delivering such copy to and leaving it with Saajeda Stratman, adult daughter."[1] As White was leaving the residence, Stratman arrived and White explained to her why he was there.

¶3 On March 30, 2011, American Express moved for summary judgment. Attached as exhibit A to the motion was the declaration of Paul Lavarta. Lavarta's declaration stated, in relevant part:

> 2. In declarant's capacity of employment he/she has under his/her supervision and control all of the books and records of the creditor AMERICAN EXPRESS CENTURION BANK with regard to the above-named customer and account and knows from his/her own personal knowledge that said books and records are kept in the ordinary course of business and it is the regular practice to record all transactions on or about the time of occurrence.
>
> 3. Declarant has reviewed the books and records with record to the above-referenced defendant and account number and with respect to the indebtedness owed by the above-named defendant, the books and records of the creditor reflect that as of 09/22/1020, there remained due and owing to the creditor on the above-referenced account the sum of $21939.37 with interest accruing as stated in the agreement between the parties thereafter until paid.
>
> 4. Declarant further states that the above-referenced customer is responsible for the payment of applicable attorney's fees and court costs as stated in the credit agreement between the parties.[2]

---

[1] Clerk's Papers at 189.

[2] Clerk's Papers at 26-27.

The declaration was signed under penalty of perjury. Attached as exhibit B to the motion were copies of Stratman's account statements from July 2009 to July 2010, showing that Stratman had been issued a credit card by American Express and had made both purchases and payments on the account. Each statement was addressed to Stratman at the same address in Duvall, Washington, and showed the same account number (redacted to its final six digits). Attached as exhibit C to the motion was an unsigned document entitled "Agreement Between American Express Credit Cardmember and American Express Centurion Bank."[3] The cardmember agreement stated, in relevant part:

> When you keep, sign or use the Card issued to you (including any renewal or replacement Cards), or you use the account associated with this Agreement (your "Account"), you agree to the terms of this Agreement. . . .
>
> . . . .
>
> You promise to pay all Charges, including Charges incurred by Additional Cardmembers, on your Account.[4]

Stratman responded with a general denial, evidentiary objections, and a challenge to service of process. The trial court granted American Express's motion and entered judgment against Stratman in the amount of $22,238.87 ($21,939.37 plus costs of $299.50). Stratman timely appeals, claiming primarily that she was not properly served and the trial court erred in finding there was no genuine issue of material fact.

## DISCUSSION

### Service of Process

¶4 The ways in which a person may be served with a summons are set forth in RCW 4.28.080. Pursuant to RCW

---

[3] Clerk's Papers at 128.

[4] *Id.*

4.28.080(15), personal service may be made at a person's place of usual abode with someone of suitable age and discretion who resides therein.[5] A judgment entered without proper service of the summons and complaint is void for lack of jurisdiction.[6] A plaintiff has the initial burden to produce an affidavit of service that on its face shows that service was properly carried out.[7] If the plaintiff makes this showing, the burden then shifts to the defendant to prove by clear and convincing evidence that service was improper.[8]

■ ■ ¶5 American Express provided an affidavit of service showing that service of process was made on Stratman's daughter Saajeda at Stratman's home. The affidavit indicated that Saajeda was an adult who resided in Stratman's home. American Express's affidavit of service is valid on its face. The burden shifts to Stratman to prove by clear and convincing evidence that service was improper. Stratman provides no such evidence. She alleges only that her daughter was 16 years old at the time of service. But RCW 4.28.080(15) does not require that service be made on an adult.[9] Rather, the requirement is "someone of suitable age and discretion." Stratman was properly served with the complaint.

## Summary Judgment

¶6 When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial

---

[5] *Sheldon v. Fettig*, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996).

[6] *Vukich v. Anderson*, 97 Wn. App. 684, 691, 985 P.2d 952 (1999).

[7] *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005) (quoting 14 Karl B. Tegland, Washington Practice: Civil Procedure § 4.40, at 108 (2004)).

[8] *Id.*

[9] In fact, the original statute upon which RCW 4.28.080(15) is based provided that a person had to be above the age of 14 to be "of suitable age and discretion." Laws of 1854, ch. IV, § 28(5), at 136.

court.[10] Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[11] The initial burden is on the moving party to show there is no genuine issue of material fact.[12] The motion must be based on facts that would be admissible in evidence.[13] The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for trial.[14] In doing so, the nonmoving party may not rest upon mere allegations or denials.[15] We consider the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party.[16]

¶7 To prevail on its claim, American Express must demonstrate the existence of a contract with Stratman. A valid contract requires an objective manifestation of mutual assent to its terms, which generally takes the form of offer and acceptance.[17] Acceptance of an offer may be made through conduct.[18] The use of a credit card, if sufficiently detailed and itemized, constitutes acceptance of terms clearly stated in a cardmember agreement.[19]

---

[10] *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006) (quoting *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002)).

[11] CR 56(c); *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003).

[12] *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

[13] CR 56(e).

[14] *Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6*, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991).

[15] CR 56(e); *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 66, 837 P.2d 618 (1992).

[16] *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

[17] *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388-89, 858 P.2d 245 (1993) (quoting *Pac. Cascade Corp. v. Nimmer*, 25 Wn. App. 552, 555-56, 608 P.2d 266 (1980)).

[18] *Discover Bank v. Ray*, 139 Wn. App. 723, 727, 162 P.3d 1131 (2007).

[19] *Id.*; *see also Discover Bank v. Bridges*, 154 Wn. App. 722, 727-28, 226 P.3d 191 (2010).

¶8 There is no genuine issue of material fact that Stratman used the credit card. The account statements provided by American Express provide the date and amount of individual purchases made by Stratman, as well as the name of the entity from whom the goods or services were purchased. For example, on March 14, 2010, Stratman made a purchase from Google in the amount of $2,000. On March 20, 2010, she made purchases from Whole Foods in Redmond, Washington, and Super Supplements in Kenmore, Washington, in the amounts of $15.77 and $128.12, respectively.

¶9 We agree with American Express that the facts of this case are distinguishable from *Discover Bank v. Bridges*[20] and *Citibank South Dakota, NA v. Ryan*.[21] Both cases held that "a generic summary of the purported account balance and payments made on it"[22] was insufficient to prove the debtor assented to the terms of the credit card agreement because "[n]one of the notations on the statements . . . actually explained what the supposed purchase was or who it was from."[23] Here, the information contained in Stratman's account statements provided a sufficient basis "to match the listed amounts with [a] particular charge slip or purchase" as required by *Ryan*.[24]

### Evidentiary Objections

¶10 Stratman argues that the documents submitted by American Express in support of its motion for summary judgment were not admissible in evidence because they were hearsay and not based on personal knowledge. We disagree. The admissibility of evidence in sum-

---

[20] 154 Wn. App. 722, 226 P.3d 191 (2010).

[21] 160 Wn. App. 286, 247 P.3d 778 (2011).

[22] *Bridges*, 154 Wn. App. at 728.

[23] *Ryan*, 160 Wn. App. at 293.

[24] *Id.*

mary judgment proceedings is reviewed de novo.[25] Business records are an exception to the hearsay rule and are admissible as evidence when they meet the requirements of RCW 5.45.020, which provides that

> [a] record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Lavarta is an American Express employee who had personal knowledge of how American Express's records were kept. His declaration indicated that the account statements were kept in the ordinary course of American Express's business and the transactions within them were recorded at the time of occurrence. The documents were properly admitted.

¶11 We also reject Stratman's claim that the documents were inadmissible because they were not originals as required by ER 1002. ER 1001(c) defines an "original" of data stored in a computer as "any printout or other output readable by sight, shown to reflect the data accurately." The documents were "originals" as defined by ER 1001.

### Other Issues

¶12 Stratman raises a number of additional issues, none of which has merit.

¶13 Stratman argues that the trial court's reliance on Lavarta's affidavit denied her due process because she was not given the opportunity to cross-examine him. The purpose of summary judgment is to determine if there are any genuine issues of material fact so as to avoid an

---

[25] *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

unnecessary trial.[26] The trial court does not weigh the evidence or assess witness credibility on a motion for summary judgment.[27] Only when Stratman can show there was a genuine issue of material fact should the matter proceed to trial and allow her " 'to disprove such facts by cross-examination and by the demeanor of the moving party while testifying.' "[28]

¶14 Stratman argues that defense counsel did not have the "authority" to represent American Express pursuant to RCW 4.08.080. But RCW 4.08.080 involves the authorization of an assignee of a debt to file suit in its own name as long as such an assignment is in writing. American Express did not assign Stratman's debt; it is attempting to collect on its own behalf. RCW 4.08.080 does not apply.

¶15 Stratman also makes several references to violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act. The act applies only to "debt collectors," which are entities who regularly collect debts for others, not to "creditors," who are collecting on their own behalf.[29] Here, there was no dispute that American Express was the entity that issued the line of credit to Stratman. Consequently, they are not subject to the Fair Debt Collection Practices Act.

¶16 Stratman also asserts that the trial court violated the "appearance of fairness" doctrine. But Stratman does not cite any law relevant to the appearance of fairness or any specific evidence relevant to the trial court's ruling. Lacking any basis in law or in fact, Stratman's argument on this point is meritless.

---

[26] *Preston v. Duncan*, 55 Wn.2d 678, 682, 349 P.2d 605 (1960).

[27] *Barker v. Advanced Silicon Materials, LLC*, 131 Wn. App. 616, 624, 128 P.3d 633 (2006).

[28] *Mich. Nat'l Bank v. Olson*, 44 Wn. App. 898, 905, 723 P.2d 438 (1986) (quoting *Felsman v. Kessler*, 2 Wn. App. 493, 496-97, 468 P.2d 691 (1970)).

[29] 15 U.S.C. § 1692a(6); *Ray*, 139 Wn. App. at 727.

¶17 Finally, Stratman argues that the trial court erred in not granting her motion to dismiss pursuant to CR 12(b)(6). Although Stratman moved the court to dismiss the complaint in her response to American Express's motion for summary judgment, she did not note such a motion before the trial court.[30]

¶18 Affirmed.

SCHINDLER and LAU, JJ., concur.

---

[30] Even if the CR 12(b)(6) motion had been noted, once the trial court considered the declaration presented on summary judgment, the CR 12(b)(6) motion would have been treated as a summary judgment. CR 12(b).