# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| AMERICAN EXPRESS CENTURION BANK, | No.  48603-2-II |
|---|---|
| Respondent, | |
| v. | |
| HEINZ HENGSTLER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Heinz Hengstler appeals the superior court's order granting American Express Centurion Bank's motion for summary judgment in its collection case against Hengstler. Hengstler makes several arguments, including (1) the superior court erred by considering Morales-Arias's affidavit because he had no personal knowledge, (2) the superior court erred by considering the account records because the records were hearsay, (3) Hengstler's due process rights were violated because he was not given the opportunity to cross-examine Morales-Arias, (4) American Express failed to prove the absence of a genuine issue of material fact as to the contract between American Express and Hengstler, (5) American Express exceeded its authority as a national bank under 12 U.S.C. § 24 (2008) and therefore its actions were ultra vires, (6) American Express failed to properly validate Hengstler's debt pursuant to 15 U.S.C. § 1692 (1997), (7) counsel for American Express did not have the authority to represent American Express, (8) the superior court did not have subject matter jurisdiction over the case because it misapplied the rules of civil procedure, and (9) the superior court erred by holding Hengstler to

the same standards as an attorney. We disagree with all of Hengstler's claims and affirm the superior court.

FACTS

American Express issued two credit card accounts to Hengstler, which Hengstler regularly used and made payments on. In 2012 Hengstler stopped making payments on the accounts. At the time of default, the combined amount due and owing on the two accounts was $31,592.05.

American Express filed complaints against Hengstler for the unpaid amount on each account. American Express moved for summary judgment and supported its motions with affidavits from an assistant custodian of records for American Express. The affidavits each referenced an attached unsigned "cardmember" agreement and a single account statement. American Express also submitted additional account statements which were unattached and unreferenced by the affidavits. The superior court granted American Express's motions for summary judgment.

Hengstler appealed both cases to this court, which we consolidated. We held that the unattached account statements were inadmissible because they were not referenced by the affidavits and therefore the superior court erred by considering them. We further held that the remaining properly considered attached records "did not reveal how the debt was accumulated and did not contain any other evidence of Hengstler's personal acknowledgement of the debt, [and] American Express did not provide sufficient evidence to demonstrate the existence of a contract with Hengstler." *American Express Centurion Bank v. Hengstler*, No. 45463-7-II, slip

No. 48603-2-II

op. at 12 (Wash. Ct. App. Mar. 24, 2015) (unpublished), http://www.courts.wa.gov/opinions.

Consequently, we reversed summary judgment.

On remand, American Express filed another motion for summary judgment on the consolidated case. American Express's motion was supported by affidavits of Mario Morales-Arias, an assistant custodian of records for American Express, for both accounts, each with two attached exhibits: (1) an unsigned cardmember agreement and (2) monthly account records and statements of Hengstler's accounts from 2005 to 2012. The account statements showed detailed and itemized usage of and payments on each account by Hengstler. In response, Hengstler filed a document entitled "Defendant's Issues In Dispute." Clerk's Papers (CP) at 9. The superior court concluded that the deficiencies previously identified by this court had been rectified, that Hengstler had failed to raise any issue of fact in his response, and granted American Express's motion for summary judgment. Hengstler appeals.

ANALYSIS

I. MORALES-ARIAS'S AFFIDAVIT & ACCOUNT RECORDS

Hengstler argues that the superior court erred by considering Morales-Arias's affidavits and the attached account records. Specifically, he contends that because Morales-Arias failed to sufficiently establish his personal knowledge, the attached account records were hearsay. We disagree.

CR 56(e) states in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

3

(Emphasis added.) We review de novo the superior court's evidentiary decisions on summary judgment. *Farrow v. Alfa Laval*, *Inc.*, 179 Wn. App. 652, 660, 319 P.3d 861 (2014).

A. *Morales-Arias's Personal Knowledge of Hengstler's Account Records*

Here, Morales-Arias's affidavits demonstrated his personal knowledge of Hengstler's account records. Morales-Arias's affidavits stated he was an "Assistant Custodian of Records for American Express," and had personal knowledge of American Express's regular practices and procedures regarding their credit card billing procedures, business practices, and recordkeeping. Suppl. CP at 22. The affidavits further stated that he had access to and was generally familiar with American Express's cardmember account records, and that he based the statements in his affidavits on his personal knowledge of Hengstler's account records. Moreover, the affidavits stated Morales-Arias had personally reviewed those account records, and would be competent to testify to everything within his affidavits if called as a witness. The information in Morales-Arias's affidavits was based upon Hengstler's account records.

Morales-Arias's position as an assistant records custodian at American Express, his personal knowledge of American Express's procedures and records, his statement that he reviewed Hengstler's account records, and his statements of facts about Hengstler's account based upon these records, combine to establish Morales-Arias's personal knowledge of Hengstler's account records.

B. *Business Records Exception: Account Records*

Hengstler also argues that the superior court erred by considering his account records because they are hearsay. We hold that Morales-Arias's affidavits established the admissibility of the account records and the superior court did not err by considering them.

4

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless it comes within an exception established by statute or common law. ER 802; *State v. Kirkpatrick*, 160 Wn.2d 873, 881, 161 P.3d 990 (2007).

Business records of regularly conducted activity are an exception to the hearsay rule. RCW 5.45.020; *State v. Iverson*, 126 Wn. App. 329, 337, 108 P.3d 799 (2005). RCW 5.45.020 states:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

In other words, the custodian of the records or other qualified witness must testify to (1) the record's identity; (2) its mode of preparation; (3) whether it was made in the regular course of business; and (4) whether it was made at or near the time of the act, condition, or event. RCW 5.45.020. If the affidavit touches upon each of these elements in regards to a record, that record is generally admissible. *See Discover Bank v. Bridges*, 154 Wn. App. 722, 726, 226 P.3d 191 (2010).

Morales-Arias is the assistant custodian of records for American Express. Morales-Arias's affidavits identified the attached account records as "[a] true and correct copy of the Cardmember Agreement in effect at the time of cancellation of [Hengstler's] Account" and "[t]rue and correct copies of the monthly Account Statements for [Hengstler's] Account." Suppl. CP at 24, 558. Morales-Arias's affidavits stated the monthly account statements were made by a computerized process. Morales-Arias's affidavits stated that Hengstler's account records were

made in the regular course of business and that they were made at or near the time of the act, condition, or event. *See* RCW 5.45.020. Thus, Morales-Arias's affidavits touched on each of the four required elements in regards to the attached account records and consequently those records were admissible under the business records exception to the hearsay rule. The superior court did not err by considering them as evidence of American Express's contract with Hengstler.

C.      *Right To Cross-Examine Morales-Arias*

Hengstler argues that his due process rights were violated because he did not receive the opportunity to cross-examine Morales-Arias at the summary judgment hearing. We disagree.

Summary judgment's purpose is to determine if there are any genuine issues of material fact, so as to avoid an unnecessary trial. *Am. Express Centurion Bank v. Stratman*, 172 Wn. App. 667, 675-76, 292 P.3d 128 (2012). The superior court does not weigh the evidence or assess witness credibility on a summary judgment motion. *Barker v. Advanced Silicon Materials, LLC*, 131 Wn. App. 616, 624, 128 P.3d 633 (2006). Accordingly, CR 56(c) allows the superior court to grant summary judgment without hearing testimony, based on only "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Only if summary judgment is denied "should the matter proceed to trial and allow [a party] 'to disprove such facts by cross-examination and by the demeanor of the moving party while testifying.'" *Stratman*, 172 Wn. App. at 676 (quoting *Mich. Nat'l Bank v. Olson*, 44 Wn. App. 898, 905, 723 P.2d 438 (1986)). Thus, the superior court did not err by relying on Morales-Arias's affidavits without providing Hengstler an opportunity to cross-examine Morales-Arias at the summary judgment hearing.

## II. NO GENUINE ISSUE OF MATERIAL FACT

Hengstler argues American Express was not entitled to summary judgment because it could not show an absence of genuine issues of material fact. Specifically, Hengstler argues that American Express provided insufficient evidence to prove the existence of a valid contract between them. We disagree.[1]

We review summary judgment orders de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Ranger Ins.*, 164 Wn.2d at 552. A genuine issue of material fact exists when reasonable minds could reach different conclusions. *Michael v. Mosquera–Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).

Summary judgment is subject to a burden-shifting scheme. *Michael*, 165 Wn.2d at 601; *Ranger Ins.*, 164 Wn.2d at 552. The moving party initially bears the burden of submitting adequate affidavits showing that it is entitled to judgment as a matter of law. *Michael*, 165 Wn.2d at 601; *Ranger Ins.*, 164 Wn.2d at 552. If the moving party does not sustain its burden, the superior court should deny summary judgment "regardless of whether the nonmoving party has submitted affidavits or other evidence in opposition to the motion." *Hash v. Children's Orthopedic Hosp. & Med. Ctr.*, 110 Wn.2d 912, 915, 757 P.2d 507 (1988). If the moving party has met its burden, the burden shifts to the nonmoving party to set forth "'specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as

---

[1] Hengstler also argues that he was entitled to summary judgment. However, Hengstler never moved for summary judgment. His claim fails.

to a material fact.'" *Ranger Ins.*, 164 Wn.2d at 552 (quoting *Meyer v. Univ. of Wash.*, 105 Wn.2d 847, 852, 719 P.2d 98 (1986)); *Hash*, 110 Wn.2d at 915.

To be entitled to summary judgment on its claims that Hengstler is responsible for debt on credit card accounts, American Express must demonstrate the existence of a contract with Hengstler concerning the credit card accounts on which the debt accumulated. *Bridges*, 154 Wn. App. at 728. A valid contract requires an objective manifestation of mutual assent to its terms, which generally takes the form of offer and acceptance. *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. Yakima*, 122 Wn.2d 371, 388-89, 858 P.2d 245 (1993). The offeror is the master of the offer and may propose acceptance by conduct. *Discover Bank v. Ray*, 139 Wn. App. 723, 727, 162 P.3d 1131 (2007).

Here, American Express's unsigned cardmember agreements in the account records provided that the use of the credit card constituted acceptance of its terms: "When you use the Account (or you sign or keep the card), you agree to the terms of the [Credit Card] Agreement." CP at 28.

Because the cardmember agreements are unsigned, they do not by themselves prove the existence of a contract. But in the absence of a signed agreement, establishment of a defendant's personal acknowledgement of a credit card account is prima facie proof of assent to the terms of usage offered by the bank. *See Bridges*, 154 Wn. App. at 727. Thus, the question before us is whether the attached account records provided sufficient evidence to demonstrate that Hengstler personally acknowledged the debt on the credit card accounts. "The use of a credit card, if sufficiently detailed and itemized, constitutes acceptance of terms clearly stated in a cardmember agreement." *Stratman*, 172 Wn. App. at 673.

8

This case is similar to *Stratman*, 172 Wn. App. at 667. There, the court upheld a superior court order granting summary judgment in the bank's favor where American Express provided the date and amount of individual purchases made by Stratman, as well as the name of the entity from whom the goods or services were purchased. The court held that "the information contained in Stratman's account statements provided a sufficient basis 'to match the listed amounts with [a] particular charge slip or purchase.'" *Stratman*, 172 Wn. App. at 674 (quoting *Citibank v. Ryan*, 160 Wn. App. 286, 247 P.3d 778 (2011)).

Similarly here, the account statements provided by American Express show detailed and itemized usage of and payments on each account by Hengstler. In contrast, Hengstler offers no facts or evidence to contradict the statements. As such, we hold that American Express sufficiently proved the existence of valid contracts with Hengstler, no issues of material fact existed, and summary judgment was appropriate.

### III. AUTHORITY AND ASSIGNMENT

Hengstler also alleges that American Express never authorized this lawsuit or assigned Hengstler's debt to counsel. In *Stratman*, 172 Wn. App. at 676, Stratman made a somewhat similar argument, citing RCW 4.08.080 as authority, which the court rejected:

> Stratman argues that defense counsel did not have the "authority" to represent American Express pursuant to RCW 4.08.080. But RCW 4.08.080 involves the authorization of an assignee of a debt to file suit in its own name as long as such an assignment is in writing. American Express did not assign Stratman's debt; it is attempting to collect on its own behalf. RCW 4.08.080 does not apply.

Similarly here, American Express did not assign Hengstler's debt. Rather, it is attempting to collect on its own behalf, and therefore RCW 4.08.080 does not apply and Hengstler's claim fails.

IV. SUBJECT MATTER JURISDICTION

Hengstler argues that the court misapplied the rules of civil procedure, and consequently, it was deprived of subject matter jurisdiction. We disagree.

The critical concept in determining whether a court has subject matter jurisdiction pursuant to CR 12(b)(1) is the "type of controversy." *Dougherty v. Dep't of Labor & Indus. for State of Washington*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003). If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction. *Dougherty*, 150 Wn.2d at 316. The superior court has original jurisdiction in cases in which "the demand or the value of the property in controversy amounts to three hundred dollars." RCW 2.08.010.

Here American Express presented a claim against Hengstler with billing records and supporting affidavits from Morales-Arias verifying that the accounts were Hengstler's, that he was in default and that the amount owed was $31,592.05. The superior court had subject matter jurisdiction over this type of case— a civil dispute with over $300 in controversy. RCW 2.08.010. Thus, Hengstler's argument fails.

V. PRO SE PLEADING

Hengstler argues that the superior court erred by holding him to the same standards as an attorney, rather than construing his pleadings liberally. We disagree.

In federal court, pro se pleadings receive liberal construction. *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012); *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). But in Washington courts, a superior court "must hold pro se parties to the same standards to which it holds attorneys." *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d

10

No. 48603-2-II

1187 (2010). This is a procedural rule; federal procedural rules do not control in state courts. *Adams v. LeMaster*, 223 F.3d 1177, 1182 n.4 (10th Cir. 2000). Thus, the Washington rule applies and the superior court held Hengstler to the proper standard.

## VI. OTHER ARGUMENTS

Hengstler also argues that American Express's entry into credit card agreements with Hengstler was ultra vires for exceeding its authority as a national bank under 12 U.S.C. § 24 (2008), and American Express failed to validate Hengstler's debt pursuant to 15 U.S.C. § 1692 (1997), the Fair Debt Collection Practices Act. However, Hengstler raises these issues for the first time on appeal. Generally, we will not consider an issue raised for the first time on appeal. RAP 2.5. As a result, we do not consider Hengstler's additional arguments.

In sum, we disagree with Hengstler's arguments on appeal and affirm the superior court's order granting American Express's motion for summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Lee, J.

11