

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| OPTION ONE MORTGAGE CORPORATION, )<br><br>Respondent, )<br><br>v. )<br><br>STAR HOVANDER a/k/a STARLARE HOVANDER, )<br><br>Appellant, )<br><br>and STEVEN HOVANDER, wife and husband and their marital community; NORTH WASHINGTON COLLECTIONS; ARON C. HOVANDER; GUY HOVANDER; HAL HOVANDER; CLARK "DOE"; "JOHN DOE" NELSON; JOHN CALENE; JANIS THEOPIK; IRA MELANTHY; VIRGINIA PATLETTE; JAMES DAILEY; ROBERT WHITE; SANDRA STACEY; UNKNOWN PARTIES IN POSSESSION; UNKNOWN PARTIES CLAIMING A RIGHT TO POSSESSION; and UNKNOWN OCCUPANTS, )<br><br>Defendants. ) | No. 76646-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br>FILED: September 10, 2018 |

LEACH, J. — Star Hovander appeals the trial court's denial of her request

to vacate a judgment and decree of foreclosure. She claims that Option One

Mortgage Corporation failed to serve her with the summons and complaint, so the judgment is void. But Hovander's failure to provide evidence to support this affirmative defense in response to Option One's summary judgment motion resulted in her losing it. We affirm.

## FACTS

Mariner's Capital Inc. loaned Star Hovander $400,000, evidenced by a promissory note. A deed of trust encumbering the property known as 5268 Olson Road, Ferndale, Whatcom County, Washington, secured the note. Mariner's Capital later assigned the note and deed of trust to Option One.

After Hovander missed note payments, Option One filed a lawsuit to foreclose the deed of trust. On December 28, 2007, a process server served the amended summons, complaint, and related exhibits on Hovander by delivering them to "CLARK (DOE)," who was living in a motor home at 5268 Olson Road. Option One filed the process server's affidavit of service.

On January 14, 2008, Hovander filed a "Response to Amended Summons Demand to File Lawsuit." She claimed that she had not been served a summons or default notice of foreclosure on the property. She did not sign this response under oath.

In November 2008, Option One moved for summary judgment with a supporting declaration. Appearing pro se, Hovander responded to the motion.

-2-

Her response included no evidence supporting her claim that she had not been served. Instead, Hovander asserted that she had entered into a loan modification agreement with Option One.

In January 2009, the trial court granted summary judgment to Option One, and in February 2009, it entered a judgment of foreclosure against the Hovanders. The Whatcom County Sheriff sold the property at a foreclosure sale.

In December 2016, Hovander filed a motion to show cause why the judgment should not be vacated. Hovander claimed that the 2009 judgment was void because she was not properly served. The trial court ordered Option One to appear and show cause why the judgment should not be vacated. The trial court determined that Hovander's service objection came too late and denied the motion to vacate with prejudice. Hovander appeals.

## ANALYSIS

Hovander sought relief under CR 60(b)(5). This rule allows a court to vacate a void judgment. She claims that because she never received proper service, the court did not have personal jurisdiction over her when it entered the challenged judgment, making it void. So the trial court should have vacated it.[1] Generally, a trial court has broad discretion in ruling on motions to vacate a

---

[1] See Am. Express Centurion Bank v. Stratman, 172 Wn. App. 667, 672, 292 P.3d 128 (2012); Morris v. Palouse River & Coulee City R.R., 149 Wn. App. 366, 370-71, 203 P.3d 1069 (2009).

judgment.[2]  But a trial court has a nondiscretionary duty to vacate a void judgment.[3] An appellate court reviews a claim that a judgment is void de novo.[4]

First, Option One contends that laches bars Hovander's defense because of her substantial delay in filing the motion to vacate.  We disagree.  Washington case law is clear that laches does not bar a motion attacking a judgment for lack of personal jurisdiction.[5]

But Hovander lost her right to challenge personal jurisdiction when she did not include any evidence supporting this affirmative defense in her response to Option One's summary judgment motion.  Option One had the initial burden of producing an affidavit of service "that on its face shows that service was properly carried out."[6]  The burden then shifted to Hovander to prove by clear and

---

[2] Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991).

[3] Servatron, Inc. v. Intelligent Wireless Prods., Inc., 186 Wn. App. 666, 679, 346 P.3d 831 (2015); Leen, 62 Wn. App. at 478; Allied Fid. Ins. Co. v. Ruth, 57 Wn. App. 783, 790, 790 P.2d 206 (1990); but see Kennedy v. Sundown Speed Marine, Inc., 97 Wn.2d 544, 548 (plurality opinion), 550-51 (Utter, J., dissenting), 647 P.2d 30 (1982) (in which the justices disagreed about the standard of review on a CR 60(b)(5) motion).

[4] ShareBuilder Sec., Corp. v. Hoang, 137 Wn. App. 330, 334, 153 P.3d 222 (2007).

[5] Lushington v. Seattle Auto & Driving Club, 60 Wash. 546, 548-49, 111 P. 785 (1910) (rejecting a claim of laches and stating, "'It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time.'" (quoting Dane v. Daniel, 28 Wash. 155, 165, 68 P. 446 (1902))); (Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994) (stating that a motion attacking a void judgment may be brought at any time and not even laches can bar the attack); see Stratman, 172 Wn. App. at 672.

[6] Stratman, 172 Wn. App. at 672.

convincing evidence that service was improper.[7]  Counsel for Hovander suggested at oral argument that because she initially appeared pro se, we should hold her to a more lenient standard.  But the law holds pro se litigants to the same standard as attorneys.[8]

Here, Option One filed an affidavit of service that on its face showed proper service on Hovander.  The affidavit states that the process server delivered the summons and amended complaint to "CLARK (DOE) – Who was living in a motorhome on the property."  This affidavit provides prima facie evidence of proper service.  Hovander raised the service issue in her unsworn response to the summons, demonstrating her awareness of the defense.  Yet, in her summary judgment response, she presented no evidence creating a material issue of fact about service.  She failed to meet her burden of presenting evidence to support her claim of insufficient service.  Thus, the trial court properly granted summary judgment.

A party can waive the defense of lack of personal jurisdiction.  CR 12(b)(6) provides that a party waives this defense by failing to raise it either in an

_____

[7] Stratman, 172 Wn. App. at 672.

[8] Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010) ("A trial court must hold pro se parties to the same standards to which it holds attorneys."); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (stating that "'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws'" (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983))).

appropriate motion or a responsive pleading. Our Supreme Court has held that a defendant also may waive this affirmative defense if either (1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense.[9] This case illustrates yet another way a party can lose this affirmative defense, by failing to present sufficient evidence to create a genuine issue of material fact in response to a summary judgment motion.

Hovander included sworn statements to support her service challenge with her CR 60(b) motion, but she presented this evidence too late. CR 60 is not a substitute for a direct appeal.[10] If Hovander disagreed with the court's summary judgment decision, her remedy was to appeal that decision directly or ask the court to exercise its discretion to consider additional evidence on a motion for reconsideration. CR 60(b) does not provide another means of seeking relief.

Finally, at oral argument Hovander's counsel attempted to make an issue out of the trial court's decision to strike Hovander's untimely pleadings in opposition to the summary judgment motion. But counsel acknowledged that those pleadings do not contain any argument or evidence about service. So

---

[9] Lybbert v. Grant County, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000).
[10] See Kern v. Kern, 28 Wn.2d 617, 619, 183 P.2d 811 (1947); In re Marriage of Thurston, 92 Wn. App. 494, 499, 963 P.2d 947 (1998).

Hovander does not show that the trial court prejudiced her lack of personal jurisdiction defense by striking those pleadings.

Under the circumstances presented here, Hovander lost her affirmative defense of insufficient service when she failed to provide evidence to support the defense in response to Option One's summary judgment motion.[11]

## CONCLUSION

We affirm the trial court's denial of Hovander's motion to vacate.

*Leach, J.*

WE CONCUR:

*Dwyer, J.*                    *Appelwick, C.J.*

---

[11] Because we decide that Hovander lost her personal jurisdiction defense, we do not address Option One's contention that it properly served Hovander or its argument that Hovander failed to serve the motion to vacate on a necessary party as required by CR 60(e)(3).