IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| LINDA PARRY, an individual, | No. 56426-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| HERBERT R. PEARSE, an individual, | |
| Appellant. | |

MAXA, J. – Herbert Pearse appeals the trial court's denial of his motion to vacate a default judgment entered against him and in favor of Linda Parry. Parry's lawsuit sought ejectment of Pearse from real property that Parry had purchased at a foreclosure sale. Pearse claims that the default judgment is void because he was not properly served with the summons and complaint. He also alleges the trial court wrongly entered an order allowing Parry to garnish his bank account following entry of the default judgment.

We hold that the evidence shows that Pearse was properly served with Parry's lawsuit and therefore there was no basis for vacating the default judgment. We also decline to consider Pearse's garnishment argument because he did not appeal that order. Accordingly, we affirm the trial court's order denying Pearse's motion to vacate the default judgment entered in favor of Parry.

FACTS

Pearse secured a bank loan for property in Gig Harbor. He defaulted on the loan, and the bank foreclosed on the property. Parry purchased the house at a trustee's sale in December 2020.

After the trustee's sale, Pearse refused to vacate the property. In May 2021, Parry filed a verified complaint against Pearse for ejectment and damages. Parry sought an order restoring her to possession of the property. On June 4, Indrya Miller personally served the verified complaint on Pearse and filed a certificate of service. On June 7, Miller served the summons and order setting case schedule on Pearse and filed another certificate of service.

Pearse neither appeared nor answered Parry's complaint within 20 days as required by CR 12(a)(1). On June 29, Parry filed a motion for an order of default and a default judgement. The same day, the trial court entered an order of default and a default judgment. The default judgment stated that Parry was entitled to recover possession of the property, ordered the issuance of a writ of ejectment, and assessed damages against Pearse in the amount of $37,323.44 plus attorney fees and costs.

On July 19, Pearse filed an ex parte motion to vacate the default judgment and stay enforcement of the writ of ejectment. The trial court entered an order staying enforcement of the judgment and the writ of ejectment and scheduling a show cause hearing on Pearse's motion. The trial court later vacated the order, finding that Pearse had not made a showing of substantial evidence supporting a prima facie defense and that Pearse should have given Parry notice of his motion. The court ordered that the default judgment remain in full force and effect.

A Pierce County sheriff served the writ of ejectment and removed Pearse from the property. Parry subsequently requested a writ of garnishment regarding Pearse's bank account. Pearse asserted that the funds held by the bank were exempt. Following a hearing, the trial court entered an order requiring Pearse's bank to pay the funds in his account to Parry pursuant to the writ of garnishment.

Pearse filed a motion to vacate the default judgment. He argued that the complaint served on him was not the complaint filed with the court and that Parry had improperly participated in the service. In her opposition, Parry pointed out that Pearse previously had filed five lawsuits claiming ownership of the property, and all five had been dismissed with prejudice. Parry also submitted a declaration from Miller in which Miller confirmed that she personally served Pearse with the verified complaint and the summons. The trial court denied Pearse's motion to vacate the default judgment.

Pearse filed a notice of appeal, designating for review only the trial court's order denying his motion to vacate the default judgment.

ANALYSIS

A.    MOTION TO VACATE DEFAULT JUDGMENT

Pearse argues that the trial court erred in denying his motion to vacate the default judgment because he was served improperly. We disagree.

Under CR 12(a)(1), a defendant generally must file an answer within 20 days after service of the summons and complaint. If the defendant fails to answer or otherwise defend within 20 days, a plaintiff can move for default under CR 55(a)(1). Once a default order has been entered, a plaintiff can obtain a default judgment under certain circumstances. CR 55(b).

CR 55(c)(1) states that a trial court may set aside a default judgment in accordance with CR 60(b), which addresses the vacation of judgments. Under CR 60(b)(5), a judgment can be set aside if it is void. A judgment is void for lack of jurisdiction if the defendant was not properly served with the complaint. *Am. Express Centurion Bank v. Stratman,* 172 Wn. App. 667, 672, 292 P.3d 128 (2012). We review de novo whether the defendant was properly served. *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 554, 374 P.3d 121 (2016).

3

Pearse claims that service of process was not proper. However, Miller's declaration establishes that she personally served Pearse with the same verified complaint for ejectment and damages that was filed with the court. Pearse presented no evidence beyond his unsworn allegations that he was served with the wrong complaint and that Parry was the person who effected service. We conclude that Pearse has failed to establish that service of process was improper.

Accordingly, we hold that the trial court did not err in denying Pearse's motion to vacate the default judgment under CR 60(b)(5).

B.    ORDER GRANTING GARNISHMENT

Pearse argues that the trial court erred in entering the order allowing Parry to garnish his bank account. We decline to consider this argument.

Under RAP 5.1(a), "[a] party seeking review of a trial court decision reviewable as a matter of right must file a notice of appeal." The notice must be filed within 30 days of the entry of the judgment the party wants reviewed. RAP 5.2(a). Moreover, RAP 5.3(a) requires a party to designate in the notice of appeal the order it wants the appellate court to review.

While Pearse assigns error to the writ of garnishment in his brief, he did not appeal the writ. Moreover, he did not designate that writ as an order he wanted this court to review in his notice of appeal. Instead, he designated only the order denying his motion to vacate the default judgment. For this reason, his arguments relating to the writ of garnishment are not properly before us and we decline to address this issue.

C.    ATTORNEY FEES ON APPEAL

Parry requests an award of attorney fees on appeal to be paid by Pearse. Parry argues that we should award reasonable attorney fees under RAP 18.9(a), which allows an award of attorney

fees as sanctions for defending against a frivolous appeal. An appeal is frivolous if, considering the entire record, we determine that the appeal presents no debatable issues and is devoid of merit. *Lutz Tile Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007).

Here, Pearse's appeal does not raise any debatable issues. Accordingly, we award Parry her reasonable attorney fees on appeal.

CONCLUSION

We affirm the trial court's order denying Pearse's motion to vacate the default judgment entered in favor of Parry.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, A.C.J.

_____
VELJACIC, J.